IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Terry Wagner,<br><br>    Plaintiff,<br><br>vs<br><br>SA Godinez<br>David Gomez<br>Tarry Williams<br>Micheal Lemke<br>Jane Doe Assistant Warden<br>Jhne Doe Superinent<br>Major Lake<br>John Does Lts<br>John Does Sgts<br>John and Jane Does Officers<br><br>    Defendant(s) | 16-cv-3020<br>Judge Harry D. Leinenweber<br>Magistrate Judge Michael T. Mason<br>PC7<br><br>**RECEIVED**<br><br>MAR 09 2016 *EAG*<br>3-9-16<br>THOMAS G. BRUTON<br>CLERK, U.S. DISTRICT COURT<br><br>JURY TRIAL REQUESTED |

PLAINTIFF'S
1983 COMPLAINT

## I. INTRODUCTION

The aboved named mentioned IDOC employees actions in the Northern Reception was a violation of the 8th Amendment, where it was cruel and unuasual for their actions. The Defendants leaves on brights fluorescent lights on in the cells nearly 24 hours in the NRC. The Defendants' does this in order to keep inmates awake unnecessarily. The Defendants' serves food on dirty trays and transport the food in a food cart which is also used for the removal of garbage. The Defendant gave the Plaintiff once a week a shower. The Plaintiff would be locked in a very hot shower. The shower was so hot and scolding that it would burn the Plaintiff skin. The Shower drain was also stoppped up and all the before used soap and shave cream covered the Plaintiff's feet. The Plaintiff could not avoid it because he was locked in the one man shower. The NRC is infested with birds, mices, cockroaches, and ants. The insect would crawl on and over the Plair

1

insects would crawl on and over the Plaintiff and other inmates. The
birds would defecate throughout the facility and their chirping wakes
inmates up as early at 3 or 4am every morning while they are there. The
Defendants' also provided to the Plaintiff and inmates in the NRC was
tainted and the staff bring their own water. The NRC has no regular
provision for cleaning supplies for the cells. There are no one assigned
to clean the cell once the prior tenant are moved to their parent prison.
The Plaintiff and other inmates are forced to just live in the filth
around the cell.

## II. JURISDICTION AND VENUE

2. Subject matter jurisdiction lies under 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. § 1391.

## III.
## PARTIES

4. Plaintiff Terry Wagner, the Illinois Department has Terry Wagner since
September of 2001. Wagner has been at Statevill and Western C.C.

5. **Defendant Salvador Godinez.** Salvador Godinez the former Director of
the Illinois Depatment of Correction. He oversees all the departments.
Godinez also formerly sat on the department's advisory board, which he
received reports on the conditions of the Northern Reception Center.
Godinez had both knowledge and responsibility for inmates health and
safety and for the conditions complained of below. Godinez is named as
a defendant in his official and individual capacity.

6. **Defendant David Gomez.** gomez is the current Deputy Director for the
Northern Reception Center. He oversees operations for Stateville and NRC.
Gomez had knowledge and responsibility for inmates health and safety
and conditions complained of below. Gomez is named as a defendant in
his Official and Individual capacity.

2

7. **Defendant Michael Lemke.** Lemke was the Stateville And NRC Warden. He was the Warden at the time the Plaintiff was at the NRC. As Warden, Lemke had knowledge of and responsibility for inmates health and safety and the conditions complained of below. Lemke is named as a defendant in both his Official and individual capacity.

8. **Defendant Tarry Williams** Williams was the Stateville and NRC Warden. he was the Warden at the time the Plaintiff was at the NRC. As Warden, Williams had knowledge of and responsibility for inmates health and safety and conditions complained of below. Williams is sued in his Official and individual capacity.

9. **Defendant Jane Doe. Assistant NRC Warden.** Jane Doe was the NRC Warden. She the Warden at the time the Plaintiff was at the NRC. As a Warden, Jane doe had knowledge of and the responsibity for inmates health and safety and conditions complained of below. Jane Doe is being sued in her Official and Individual capacity.

10. **Defendant Jane Doe Superinent.** Jane Doe was the Superinent of the Stateville and NRC. She as the Superinent had knowledge of and her responsibility for inmates health and safety and condition complained of below. Jane Doe is being sued in her Official and Individual capacity.

11. **Defendant Major Lake.** Major Lake was the Major at the NRC. He was the Major and he had knowledge of and responsibility for inmates health and safety and conditions complained of below. Major Lake is being sued in his Individual capacity.

12. **Defendant John Does Lts.** John Does Lts was the Lts in the NRC. John Doe Lts had knowledge of and responsibility for inmates health and safety and conditions complained of below. John Doe Lts are being sued in their individual capacity.

3

13. **Defendant John Does Sgt.** John Does Sgt was the Sgts in the NRC. John Does Sgts had knowledge of and responsibility for inmates health and safety and condition complained of below. John Doe Sgts are being sued in their individual capacity.

14. **Defendant John and Jane Doe Officers.** John Doe Officers in the NRC had knowledge of and responsibility for inmates health and safety and condition complained of below. John Doe Officers are being sued in their individual capacity.

## IV. ALLEGATIONS

### A. NORTHERN RECEPTION CENTER

15. Northern Reception Center is a holding center for inmates who has been sentenced to the Illinois Department Of Corrections. It is located in crest Hill, Illinois and sits on 2200 acres. Northern Reception Center shares this space with Stateville C.C. This lawsuit concerns NRC.

16. Northern Reception Center inmates spend most of their time in their cells with their cellies. 5 hours of yard in one day out of the week.

### B. NORTHERN RECEPTION CENTER'S CONDITIONS

16. The following description of the conditions challenged by this case. Everyone who has been to the Norther Reception Center and work there are aware of these unhumane conditions.

17. **Lights Left On Nearly 24 Hours.** Fluorescent lights in the cells in the NRC are left on for long peroid of time. The lights are brighter than necessary for security count purposes. The extra illumination has no purpose but to keep inmates awake unnecessarily. Constant illumination violate the 8th amendment if it cause sleep deprivation or leads to other aerious physical ormental health problems. Moreover, there in no legitimate penological justication for requiring inmates to suffer physical and psychological harm by living in constant illumination

4

18. NRC FOOD AND FOOD CARTS. Northern Reception center uses food carts to deliver food to all inmates in the NRC, because they do not eat at the dinning areas. The food is placed on dirty trays with white film covering the trays. There are left over food on these trays as well. The food carts are dirty and nasty and they uses the food cart to transport garbage. The carts are never cleaned

19. NRC Showers NRC Showers are so filthy. the Plaintiff was locked in a one man shower. The NRC Showers haven't been cleaned in years. The Shower drain was stopped up and all kind of old left over soap scum and shave creme comes out of the drain and covered the Plaintiff's feet. Furthermore, the NRC Showers are so hot, to the point it burns the Plaintiff's skin. The Plaintiff was unable to avoid the hot water because he was locked in the one man shower. The Shower had a foul odor sewage smell.

20. **Vermins** NRC is infested with Birds, mice, cockroaches, spiders and ants insects swarn the wings and cells in the NRC. At night, mice, cock-roaches, spiders and ants crawls all over the Plaintiff and other inmates keeping them awake. Birds defecating throughout the facility and their chirping wakes inmates up as early as 3 you 4 am every morning.

21. **Clean Supplies** NRC does not have any provision for cleaning supplies for their cells. The Plaintiff was moved into a cell where there was dried up blood on the walls and cell door. The floor was covered with dried dirty urine. The Plaintiff asked for cleaning supplies, but he was denied. Inadequate cleaning supplies for inmates to clean their own cells is a constitutional violation.

22. **Drinking Water.** The water NRC makes avaiable to the Plaintiff and inmates smells like sewage and has a faint brown color. Staff and visitors are told to bring their own water. Staffers bring in gallon jugs for

for themselves and do not drink the water at Stateville or the NRC.

23. **Defendant Godinez** was the director of the Illinois Correctional Center. Godinez has visited the NRC on numerous occasions and he was aware of the conditions of the Northern reception Center as mentioned in Para 17-24. and he did not do anything to correct the problems, but allowed it to occur, thereby violating the Plaintiff's 8th Amendment. Plaintiff was harmed by the Defendant failing to fix the above mentioned problems within the NRC. Many inmates is/was and are complaining about the conditions of the NRC, and nothing is being done about it.

25. **Defendant Gomez** was the Deputy Director of the Illinois Department of Correctional Centers. Gomez has visited the NRC on numerous occasions and he was aware of the conditions of the NRC and he did not do anything to correct the problem, but allowed it to occur, thereby violating the Plaintiff's 8th Amendment.

26. Plaintiff was harmed by Defendant Gomez for failing to fix the above mentioned problems within the NRC.

27. **Defendant Lemke** was the Warden of Stateville and NRC. Lemke visited the NRC on numerous occasions and he was well aware of the conditions of the NRC as mentioned in Para 17-22, but he did not fix the problems, but allowed it to occur, thereby violating the Plaintiff's 8th Amendment.

28. Plaintiff was harmed by Defendant Lemke for ailing to fix the above mentioned problems within the NRC.

29. **Defendant Williams** was the Warden of Stateville and NRC. Williams visited the NRC on numerous occasions and he was well aware of the conditions of the NRC as mentioned in Para 17-22, and he did not fix the problems, but allowed it to occur, thereby, violating the Plaintiff's 8th Amendment.

30. Plaintiff was hramed by Defendant Williams for failing to fix the above mentioned problems within the NRC.

31. **Defendant Jane Doe Warden** was the NRC Assistant Warden. Jane Doe worked in the NRC Building and was well aware of the conditions of the NRC. She did not do anything but allowed it to occur, thereby violating the Plaintiff's 8th Amendment.

32. Plaintiff was harmed by Defendant jane Doe for failing to fix the above problems within the NRC.

33. **Defendant Jane Doe Superient** was the Superient of the NRC. Jane Doe worked in the NRC Building and was aware of the conditions mentioned in Para 17-22, and she did not do anything, but allowed it to occur, thereby violating the Plaintiff's 8th Amendment.

34. Plaintiff was harmed by Defendant Jane Doe for failing to fix the above mentioned problems within the NRC.

35. **Defendant Lake** was the major in the NRC. Defendant Lake worked in the NRC Building and he was aware of the conditions mentioned in para 18-22, and he did not do anything to fix the problems, but allowed it to occur, thereby violating the Plaintiff's 8th Amendment.

36. Plaintiff was harmed by Defendant Lake for failing to fix the above mentioned problems within the NRC.

37. **Defendant John Doe Lts'** was the Lts' in the NRC. John Does worked in the NRC Building and he was aware of the conditions mentioned in Para 17-22, and he did not do anything to fix the problems, but allowed it to occur thereby violating the Plaintiff's 8th Amendment.

38. Plaintiff was harmed by Defendant John Doe Lts' for failing to fix the above mentioned problems within the NRC.

39. **Defendant John Doe Sgts'** was the Sgts' in the NRC. John Doe worked in the NRC Building and he was aware of the conditions mentioned in Para 18-22, and he they did not do anything to fix the problems, but allowed it to occur thereby, violating the Plaintiff's 8th Amendment.

40. Plaintiff was harmed by Defendant John Doe for failing to fix the above mentioned problems within the NRC.

41. **Defendant John and Jane Doe Officers,** was the Officers in the NRC. John and Jane Doe Officers worked in the NRC Building and they was aware of the conditions mentioned in Para 19-22, and they did not do anything to fix the problems, but allowed it to occur, thereby violating the Plaintiff's 8th amendment.

42. Plaintiff was harmed by Defendant John and Jane Doe Officers' for failing to fix the above mentioned problems within the NRC.

### Serious Risks To The Plaintiff

43. Vermins contribute to the filth and the Prison''s failure to allow the Plaintiff to meaningfully clean his cell or to provide him with adequately clean supplies allows the filth to persist. These conditions encourage the spread of disease.

### Lights, Birds, Mice and Insects Prevent Inmates From Sleeping

44. The birds that infest the high place within the NRC Buildings and start chirping at 3 or 4 in the morning. The mice, cockroaches and ants that infested the Plaintiff's cell crawls on the cell floor at night. The bright fluorescent lights constantly going all day and night. The Plaintiff has sleep apnea and leaving the lights on for hours affected the Plaintiff's sleeping disorder. The Plaintiff had a hard time going to sleep and staying asleep under those conditions.

### Plaintiff's Injuries

45. The Plaintiff visited the NRC on several occasions. His parent prison is Western Correctional center.

46. Plaintiff asked the Defendants at the NRC to turn off the bright lights so he can sleep. He also informed them he was getting a headache and he was unable to sleep. The Defendants denied the Plaintiff's request

47. The Plaintiff has sleep apnea and the bright lights exacerbated his medical conditions with a constant beaming bright lights in his face all night.

48. Plaintiff left foot has a fungus, because of the filthy showers in the NRC. The Plaintiff constantly have to use fungus cream on his foot to stop the itching. Furthermore, the Plaintiff also has toes fungus, which, the Plaintiff will have to go through a **painful procedure to eradicate the toe fungus** (each toe nail has to be pulled off and grown back unaffected by the fungus).

49. Plaintiff was also forced to eat ot of dirty trays with left over food in them and a white film covering the trays. The Plaintiff has suffered stomach aches and experience episidas of loss of his appetite.

50. Plaintiff was forced to live in a dirty and filth cell. There was dried up blood on the cell walls and door in the NRC. The floor was covered with dried up urine. The Plaintiff was forced to live in a cell with a foul odor for days.

51. Plaintiff was forced to drink water the staff member in the NRC would not drink. The water in the cell had a foul sewage tpye smell. The Plaintiff experienced stomach aches and episides of loss of appetite.

CLAIM COUNT I.

52. Prison condition constitutes Cruel and Ususual Punishment.

53. All prior paragraphs are incorporated by reference here.

54. All the Defendants in this count were and are state actors.

55. All the Defendants in this count are aware off all the conditions. The conditions were obvious, the Defendants' duties.

56. The Defendants' creating these conditions or failing to remediate them all the Defendants' in this count have been delibarate indifference to

the serious risks of harm created by conditions.

## VI. Prayer For Relief

WHEREFORE, Mr. Wagner the Plaintiff requests that this Court

(a) Award compensatory damages in amount to be determined to Mr. Wagner for his individual injuries, jointly and severally against Defendants'

(b) Punitively damages as well

(c) grant such other and further relief as this court deems equitable just and proper.

Respectfully Submitted

Date: February 17, 2016,

Terry Wagner R-07282
2500 Rt 99, South
Mt. Sterling, Illinois
62353

10

EXHIBITS

ILLINOIS DEPARTMENT OF CORRECTIONS
~ OFFENDER'S GRIEVANCE

| Date: 5/20/14 | Offender: (Please Print) Terry Wagner | ID#: R-07282 |
|---|---|---|

| Present Facility: Western C.C. | Facility where grievance issue occurred: Stateville C.C |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [X] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [ ] Other (specify): _____

- [ ] Disciplinary Report: ___/___/___  _____
  Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): I WAS at Stateville Correctional Center (NRC) for a Court Writ on March 28, 2014, on the above date the Correctional Officers in the NRC building constantly left the Cell lights on. I Asked the officers to turn off the Lights, but I got a Negative response, I could not sleep and my head was hurting, leaving me with Migraines headaches. I Addressed this matter with the female Assistant Warden, I wrote the Warden's office, the Superinvent (Engleson) Office, I Talked to Major Lake, Lts, Sgts and officers

Relief Requested: That Stateville NRC create a system where the over cells lights are torn off after offenders has be counted.

- [ ] Check **only** if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Terry Wagner _____  R-07282  5, 20, 14
Offender's Signature        ID#      Date

*(Continue on reverse side if necessary)*

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board. P.O Box 19277. Springfield, IL 62794-9277

Response: _____

*Inmate's copy*

MAY 22 2014

_____  _____  ___/___/___
Print Counselor's Name    Counselor's Signature    Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___    Is this determined to be of an emergency nature?

[ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____  ___/___/___
Chief Administrative Officer's Signature    Date

Distribution: Master File; Offender          Page 1          DOC 0046 (8/2012)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

EX. 2

No one did any thing, the lights stayed on at
least 18 to 21 hrs out of a day

Wagner v. Quinn, et al. (14-3393) DOCUMENT NO. 000138

EX. 3



# Illinois
Department of
## Corrections

**PAT QUINN**
Governor

**S.A. GODINEZ**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

Offender Name: _Wagner, Terry_     Date: _9/24/14_

Register # _R07282_

Facility: _WIL_

This is in response to your grievance received on _5/22/14_. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: _5/20/14_ Grievance Number: _____ Griev Loc: _Stateville_

- ○ Transfer denied by the Facility or Transfer Coordinator
- ○ Dietary _____
- ○ Personal Property _____
- ○ Mailroom/Publications _____
- ○ Assignment (job, cell) _____

- ○ Commissary _____
- ○ Trust Fund _____
- ☒ Conditions (cell conditions, cleaning supplies)
- ○ Disciplinary Report dated _____
  Incident # _____
- ☒ Other _lights left on in cell at NRC._

**Based on a review of all available information, this office has determined your grievance to be:** _on 3/28/14 &_
_caused him_
_headache._

- ○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____
- ☒ Denied, in accordance with DR504F, this is an administrative decision.
- ○ Denied, this office finds the issue was appropriately addressed by the facility Administration.
- ○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments).
- ○ Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.
- ○ In addition, property items are to be disposed of in accordance with DR501C.

- ○ Denied as the facility is following the procedures outlined in DR525.
- ○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.
- ○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.
- ○ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.
- ○ Denied as the security staff are following the established schedule for dispensing cleaning supplies to the offender when possible.

☒ Other: _Address any current medical issues with healthcare_
_via sick call._

FOR THE BOARD: _Sarah Johnson_     CONCURRED: _SA Godinez_
Sarah Johnson
Administrative Review Board

S.A. Godinez
Director _TA 10/8/14_

CC: Warden, _WIL_ Correctional Center
_Terry Wagner_, Register No. _R07282_

EX 4



## Illinois
## Department of
## Corrections

**PAT QUINN**
Governor

**S.A. GODINEZ**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

Offender Name: _Wagner, Terry_     Date: _7/30/14_

Register # _R07282_

Facility: _WIL_

This is in response to your grievance received on _1/24/14_. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: _1/21/14_  Grievance Number: _____  Griev Loc: _Sta NRC_

- ○ Transfer denied by the Facility or Transfer Coordinator
- ○ Dietary _____
- ○ Personal Property _____
- ○ Mailroom/Publications _____
- ○ Assignment (job, cell) _____

- ○ Commissary _____
- ○ Trust Fund _____
- ⊗ Conditions (cell conditions, cleaning supplies)
- ○ Disciplinary Report dated _____
  Incident # _____
- ○ Other _____

Based on a review of all available information, this office has determined your grievance to be:

- ○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____ .
- ○ Denied, in accordance with DR504F, this is an administrative decision.
- ○ Denied, this office finds the issue was appropriately addressed by the facility Administration.
- ○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)
- ○ Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.
- ○ In addition, property items are to be disposed of in accordance with DR501C.
- ○ Other: _____

- ○ Denied as the facility is following the procedures outlined in DR525.
- ○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.
- ○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.
- ○ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.
- ⊗ Denied as the security staff are following the established schedule for dispensing cleaning supplies to the offender when possible.

FOR THE BOARD: _Sarah Johnson_   CONCURRED: _____
Sarah Johnson
Administrative Review Board

S.A. Godinez
Director   _TA_ _8/3/14_

CC:  Warden, _WIL_  Correctional Center
_Terry Wagner_ , Register No. _R07282_

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EATERN DIVISION

Terry Wagner,                          )
                                       )
        Plaintiff,                     )
                                       )
    -vs-                               )        Case No"
                                       )
S.A. Godinez                           )
David Gomez                            )
Tarry Williams                         )
Micheal Lemke                          )
Jane Doe Assistant Warden              )
jane Doe Superint                      )
Major lake                             )
John Doe Lts'                          )
john Doe Sgts'                         )
john and Jane doe Offiers'             )        JURY TRIAL REQUESTED
                                       )
        Defendant(s)                   )
                                       )

NOTICE OF FILING

TO: Clerk of the Norther District court
    219 South Dearborn Street
    Chicago, Illinois 60604


    PLEASE BE ADVISED THAT, I have filed with the Clerk of the Curt a
1983 COMPLAINT, MOTION TO PROCEED IN FORMA PAUPERIS and MOTION FOR
APPOINTMENT OF COUNSEL and a copy is hereby served upon you.

                              Terry Wagner r-07282
                              2500 Rte 99, South
                              Mt. Sterling, Illinois
                              62353

    I hereby certify that on February 17, 2016, I mailed by the United
States Postal Service at Western C.C and the above named is mailed a
copy of the above mentioned.

                              Terry Wagner

Terry Wagner R-07285
2500 Rte 99, South
Mt. Sterling, Ill 62353

Legal
Mail

16-cv-3020
Judge Harry D. Leinenweber
Magistrate Judge Michael T. Mason
PC7

**RECEIVED**

MAR 0 9 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

United States
Northern District Court
219 South Dearborn St
Chicago, Illinois
60604

CORRESPONDENCE
FROM INMATE OF IL
DEPT OF CORRECTION

Hasler
03/07/2016
US POSTAGE
$03.62⁰
FIRST-CLASS MAIL
ZIP 62353
011D11640229