# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Terry Wagner (R-07282), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16 C 3020 |
| v. | ) | |
| | ) | Judge William T. Hart |
| SA Godinez, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [4] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $30.43 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court shall send a copy of this order to the trust fund officer at the Western Correctional Center. The Court further directs the Clerk of Court to: (1) file Plaintiff's complaint [1], (2) issue summonses for service on Defendants SA Godinez, David Gomez, Tarry Williams, and Warden Michael Lemke by the U.S. Marshal and (3) send Plaintiff four (4) blank USM-285 service forms, a magistrate judge consent form, filing instructions, and a copy of this order. The Court advises Plaintiff that a completed USM-285 (service) form is required for Defendants SA Godinez, David Gomez, Tarry Williams, and Warden Michael Lemke. The U.S. Marshal will not attempt service on these Defendants unless and until the required forms are received. The U.S. Marshal is appointed to serve Defendants SA Godinez, David Gomez, Tarry Williams, and Warden Michael Lemke. The Clerk is instructed to terminate Major Lake, "John Doe Lts," "John Does Sgts," and "John and Jane Doe Officers" as Defendants in this action from the docket. Plaintiff's motion for attorney representation [3] is denied without prejudice to renewal later in this case.

## STATEMENT

Plaintiff Terry Wagner, currently a prisoner confined at the Western Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. In this lawsuit, Plaintiff challenges the conditions of his confinement at Stateville. Specifically, he alleges that, while he was housed at Stateville NRC, he was exposed to: excessive illumination of his cell, unclean showers, contaminated water, pest and insect infestation, and no access to cleaning supplies. He also alleges that food was served on dirty trays and that food carts were used to transport garbage. Plaintiff names SA Godinez, David Gomez, Tarry Williams, Warden Michael Lemke, Jane Doe Assistant Warden, Jane Doe Superintendent, Major Lake, as well as "John Doe Lts," "John Does Sgts," and "John and Jane Does Officers." Currently before the Court are Plaintiff's application to proceed *in forma pauperis*, his complaint for initial review under 28 U.S.C. § 1915A, and his motion for attorney representation.

Plaintiff's application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $30.43 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

Here, accepting Plaintiff's allegations as true, the Court finds that the complaint articulates a colorable federal cause of action against Defendants SA Godinez, David Gomez, Tarry Williams, Warden Michael Lemke, Jane Doe Assistant Warden and Jane Doe Superintendent in their individual capacities. Incarcerated persons are entitled to confinement under humane conditions that satisfy "basic human needs." *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664 (7th Cir. 2012) (citations omitted). "The State must provide an inmate with a 'healthy, habitable environment.'" *French v. Owens*, 777 F.2d 1250, 1255 (7th

Cir. 1985) (citations omitted). Because Plaintiff's conditions claim involves "potentially systemic," rather than "clearly localized," constitutional violations, Stateville's wardens (Michael Lemke, Tarry Williams) and assistant warden (Jane Doe Assistant Warden), as well as the IDOC's Director (SA Godinez) and Deputy Director (David Gomez) and Superintendent (Jane Doe Superintendent) may be held to answer for the alleged conditions at the prison. *See, e.g., Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996); *Lieberman v. Budz*, No. 00 C 5652, 2010 WL 369614, *8 (N.D. Ill. Jan. 28, 2010) (Coar, J.). Accordingly, Plaintiff may proceed with his conditions claim against Defendants SA Godinez, David Gomez, Tarry Williams, Warden Michael Lemke, Jane Doe Assistant Warden and Jane Doe Superintendent (in their individual capacities). With respect to the Jane Doe Assistant Warden and the Jane Doe Superintendent, however, Plaintiff should be aware that he cannot obtain damages from any Defendant unless he serves him/her (or obtains waivers of service) in accordance with Fed. R. Civ. P. 4. Naming the individual as an unknown defendant is ultimately insufficient. Once the other Defendants are served and an attorney files an appearance, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the unknown Defendants who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns the unknown Defendants' identities, he may submit a proposed amended complaint that names the unknown Defendants under their actual names. Summonses will then issue for service on the unknown Defendants who allegedly injured Plaintiff. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the unknown defendant as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

Plaintiff, however, may not pursue official capacity claims against any of the named prison officials in this lawsuit. The Eleventh Amendment bars suits for damages brought against state officials in their official capacity. *Kentucky v. Graham*, 473 U.S. 159, 166-67, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); *Garcia v. City of Chi.*, 24 F.3d 966, 969 (7th Cir. 1994) ("The Eleventh Amendment prohibits federal courts from deciding suits brought by private litigants against states or their agencies, and that prohibition extends to state officials acting in their official capacities.") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)).[1]

Plaintiff may also not pursue any claims against Defendants Major Lake, "John Doe Lts," "John Does Sgts" and "John and Jane Doe Officers," as he has alleged no facts from which individual liability may be inferred against these Defendants. Section 1983 creates a cause of action based on personal liability and predicated on fault; thus to be held liable under Section 1983, an individual must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted); *Pepper v. Vill. of Oak Park*, 430

---

[1] The Court notes that state officials can indeed be sued under § 1983 in their official capacities for prospective injunctive relief to enjoin ongoing violations of federal law; those actions are not considered to be against the state. *Kentucky*, 473 U.S. 159 at n.14; *see Ex parte Young*, 209 U.S. 123, 159-60, 28 S. Ct. 441, 52 L. Ed. 714 (1908). However, Plaintiff was transferred to Western Correctional Center and is no longer at Stateville. There are no allegations in the complaint that Plaintiff will be transferred back to Stateville, nor does Plaintiff otherwise state that he seeks injunctive relief in this action.

F.3d 809, 810 (7th Cir. 2005). Additionally, there is no respondeat superior liability under Section 1983. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Supervisors can only be held responsible for the constitutional violations of their subordinates if the violation occurred at the supervisor's direction or with his knowledge and consent. *See Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). Here, Plaintiff has alleged no facts from which it may be inferred that Major Lake and/or any of the John Doe lieutenants, sergeants, and officers caused or participated in the conduct described in the complaint. Indeed, Plaintiff's complaint is stylized in such a way that the factual allegations about the living conditions are not specifically linked to any particular Defendant(s). Where Plaintiff mentions Defendants Lake and the John Doe lieutenants, sergeants, and officers, he does so generally and briefly, indicating that each "had knowledge of and responsibility for inmates['] health and safety and conditions complained of below." [1 at ¶¶ 11-14] Such allegation is insufficient to confer individual liability on Lake and the John Doe lieutenants, sergeants, and officers. *See Twombly*, 550 U.S. at 555 (explaining that pleading must "give the defendant fair notice of what the claim is and the grounds upon which it rests"). Accordingly, Defendants Major Lake, "John Doe Lts," "John Does Sgts," and "John and Jane Doe Officers" are dismissed without prejudice as Defendants from this action. The Clerk is instructed to terminate Major Lake, "John Doe Lts," "John Does Sgts," and "John and Jane Doe Officers" as Defendants from the docket.

The Court directs the Clerk to issue summonses for service of the complaint on Defendants SA Godinez, David Gomez, Tarry Williams, and Warden Michael Lemke. The Clerk of Court is directed to mail Plaintiff four (4) blank USM-285 (U.S. Marshals service) forms. The Court advises Plaintiff that a completed USM-285 form is required Defendants SA Godinez, David Gomez, Tarry Williams, and Warden Michael Lemke. The U.S. Marshal will not attempt service on these Defendants unless and until the required forms are received. Plaintiff must therefore complete and return a service form for each Defendant, and failure to do so may result in the dismissal of the unserved Defendant, as well as dismissal of this case in its entirety for lack of prosecution.

The Court appoints the U.S. Marshals Service to serve Defendants SA Godinez, David Gomez, Tarry Williams, and Warden Michael Lemke. The Court directs the U.S. Marshal to make all reasonable efforts to serve Defendants SA Godinez, David Gomez, Tarry Williams, and Warden Michael Lemke. With respect to any former employee of Stateville who can no longer be found at the work address provided by Plaintiff, Stateville officials must furnish the U.S. Marshal with the Defendant's last-known address. The U.S. Marshal will use the information only for purposes of effectuating service or to show proof of service, and any documentation of the address shall be retained only by the U.S. Marshal. Address information will not be maintained in the Court file nor disclosed by the U.S. Marshal, except as necessary to serve Defendants SA Godinez, David Gomez, Tarry Williams, and Warden Michael Lemke. The U.S. Marshal is authorized to send a request for waiver of service to Defendants in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact

copy of any document he files in this Court to Defendants or to defense counsel if an attorney has entered an appearance on behalf of Defendants. Every document submitted by Plaintiff must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion seeking attorney representation is denied at this time. Although "[t]here is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In making the decision whether to recruit counsel, the Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on his own behalf or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). This analysis does not focus solely on the plaintiff's ability to try the case, but on his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Factors to be considered include: (1) the stage of litigation, *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) (holding that it is difficult to make an accurate determination regarding a plaintiff's ability to litigate the matter when case is still in "its infancy"); (2) plaintiff's submissions and pleadings, *Olson*, 750 F.3d at 712 (well-written pleadings and appearance that plaintiff can follow instructions indicate that counsel is not needed); (3) medical and mental health issues, *Olson*, 750 F.3d at 712; (4) transfer to a different facility, *Junior v. Anderson*, 724 F.3d 812, 815 (7th Cir. 2013) (transfer to a different facility may impede plaintiff's ability to obtain evidence including affidavits/declarations from others to support his/her claim); (5) plaintiff's capabilities, including intelligence (IQ), literacy, degree of education, communication skills, and litigation experience, *Pruitt*, 503 F.3d at 655; *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (recruitment of counsel required for a blind inmate with a tenth-grade education); *Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014) (enlistment of counsel was necessary for a functionally illiterate inmate); and (6) complexity of the case, *Dewitt*, 760 F.3d at 658; *Henderson*, 755 F.3d at 566; *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010); *Pruitt*, 503 F.3d at 655-56.

Here, Plaintiff has not demonstrated that he has made any attempt to find counsel on his own. [3 at ¶ 2] Plaintiff must attempt to retain counsel on his own before the Court will consider whether recruitment of counsel is necessary. If Plaintiff is unable to afford an attorney, he should write to attorneys or law firms, describe his claim, and ask them to take his case *pro bono*. Should Plaintiff renew his motion for counsel, Plaintiff should attach any responses he receives from counsel. Accordingly, Plaintiff's motion for attorney representation [3] is denied without prejudice to renewal later in this case, after he has made an effort to obtain counsel on his own.

Date: 4/26/2016 /s/ Judge William T. Hart